UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| AMANDA STACY, Administrator of the Estate of QUENTIN STACY, individually, and next friend of R.A.S. and A.M.S., *Plaintiff*, v. THE HARTFORD, and STEVEN BRIAN HENLEY, *Defendants*. | Case No. 4:25-cv-6<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Christopher H. Steger |

## MEMORANDUM OPINION

Before the Court is Hartford's interpleader motion to deposit funds and for dismissal (Doc. 10) and Amanda Stacy's ("Stacy") motion for judgment on the pleadings (Doc. 14). Since Hartford's motion is unopposed and comports with 28 U.S.C. § 2361 and Federal Rule of Civil Procedure 67, its motion (Doc. 10) is **GRANTED**. For the following reasons, Stacy's motion (Doc. 14) is **GRANTED**.

### I. BACKGROUND

Quentin Stacy and Steven Henley ("Henley") were designated beneficiaries of a life insurance policy (the "Policy") issued to Savannah Johnson ("Johnson"). (Doc. 3, at 8–9.) In 2022, however, Henley shot and killed Quentin Stacy. (Doc. 1-1, at 2, 11). Johnson died on August 12, 2023, of natural causes (Doc. 1-1, at 8), and, in November 2023, the Circuit Court for Franklin County, Tennessee, entered a judgment against Henley and awarded Quentin Stacy's

estate $6,250,000.00. (*Id.* at 11–12.) Amanda Stacy brings this action to collect the insurance proceeds Henley may claim under Johnson's Policy. (Doc. 1-1, at 5–6.)

On December 31, 2024, Stacy commenced this suit in the Circuit Court for Franklin County, Tennessee. (*Id.* at 3–7.) Stacy served Henley that same day. (Doc. 12, at 4.) On January 22, 2025, Henley filed an answer in state court stating only, "I would like to claim my family property at 1084 Norwood Creek Rd Winchester TN 37398 as [e]xempt." (Doc. 13.) Henley's answer did not deny any of Stacy's allegations, including her allegations that she is entitled to the proceeds under Johnson's Policy pursuant to Tennessee's slayer statute. (*See id.*)

On February 6, 2025, Hartford filed a notice of removal asserting federal question jurisdiction because Johnson's Policy is governed by the Employee Retirement Security Act of 1974. (S*ee* Doc. 1.) That same day, Hartford filed its answer and asserted an interpleader crossclaim and counterclaim against Stacy and Henley. (Doc. 3.) On May 7, 2025, Hartford filed a motion to deposit the funds from Johnson's Policy and for dismissal with prejudice. (Doc. 10.) Stacy filed a motion for judgment on the pleadings on May 12, 2025. (Doc. 14.) There is no opposition to either Hartford's motion to deposit funds (Doc. 10) or Stacy's motion for judgment on the pleadings (Doc. 14). These motions are ripe.

## II. MOTION TO DEPOSIT FUNDS AND FOR DISMISSAL

Under Rule 22 of the Federal Rules of Civil Procedure, a plaintiff[1] who is exposed "to double or multiple liability" may join multiple defendants for interpleader. "Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the

---

[1] To avoid confusion, this case caption lists Hartford as a defendant, but Hartford is the plaintiff in its interpleader counterclaim and crossclaim.

controversy and satisfy his obligation in a single proceeding.'" *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007) (quoting 7 Wright & Miller's Federal Practice & Procedure § 1704 (3d ed. 2001)).

An interpleader action typically proceeds in two stages. *Id.* First, the court determines whether the plaintiff "has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the [plaintiff] is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." *Id.* If interpleader is appropriate, the court may allow the plaintiff to deposit the funds at issue into the registry of the court. *Id.* at 641 n.2. The court may then discharge the plaintiff and "enjoin[ ] the parties from prosecuting any other proceeding related to the same subject matter . . . ." *Id.* at 641 (citation modified). "Absent the presence of bad faith on the part of the [plaintiff] or the possibility that the [plaintiff] is independently liable, and after the interpleaded funds have been paid into the registry of the Court, discharge should be readily granted." *Life Ins. Co. of N. Am. v. Simpson*, No 08-2446, 2009 WL 2163498, at *4 (W.D. Tenn. July 16, 2009). At the second stage, once the plaintiff has been discharged, the court determines the relative rights of the parties to the funds at issue. *High Tech.*, 497 F.3d at 642.

Here, the Court has jurisdiction over this interpleader action. *See* 29 U.S.C. § 1451 (granting federal district courts jurisdiction over civil actions arising under ERISA). Given the claims filed by Stacy asserting that she is entitled to any benefits otherwise due to Henley from Johnson's Policy (Doc. 1-1, at 5), and the uncontroverted fact that Henley is a named beneficiary under that policy (Doc. 3, at 9), Hartford is potentially subject to multiple liability. The Court is unaware of, and the parties have not proposed, any equitable concerns that would prevent the use of interpleader here. Accordingly, Hartford has properly invoked interpleader under Rule 22.

3
Case 4:25-cv-00006-TRM-CHS    Document 15    Filed 10/09/25    Page 3 of 7    PageID #: 136

Hartford neither contests that it is liable nor claims any entitlement to the proceeds from Johnson's Policy. Further, the record does not reflect any bad faith on behalf of Hartford, and no party opposes Hartford's motion. As such, Hartford's motion to deposit funds and for dismissal with prejudice (Doc. 10) will be **GRANTED**.

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

Stacy asserts that the Court should award her any portion of the proceeds due to Henley under the Policy. (*See* Doc. 14.) Specifically, Stacy asserts her claim: (1) pursuant to the Tennessee's slayer statute, Tenn. Code Ann. § 31-1-106, or (2) in the alternative, to satisfy the judgment rendered against Henley for the wrongful death of Quentin Stacy. (Doc. 1-1, at 5.) Henley filed an answer denying none of this and failed to respond to Stacy's motion for judgment on the pleadings.

#### A. Standard of Law

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" The Court reviews "such motions using the same standard that applies to a review of a motion to dismiss under 12(b)(6) . . . that is, with one caveat." *United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022) (citation modified). "When the plaintiff, as opposed to the defendant, moves for judgment on the pleadings," a court assesses "whether the plaintiff's petition, stripped of those allegations which are denied by the defendant's answer, would leave the petition stating a cause of action against the defendant." *Id.* (quoting 61A Am. Jur. 2d *Pleading* § 497). "An allegation . . . is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6).

4

The Court may "consider exhibits that are referenced in the complaint and central to its claims." *Id.* (citing *Brent v. Wayne Cnty. Dep't of Hum. Servs.*, 901 F.3d 656, 695 (6th Cir. 2018)). It "will not blindly accept legal conclusions nor draw unwarranted factual inferences from either the complaint or the answer." *Id.* (citing *Barber v. Charter Twp. of Springfield*, 31 F.4th 382, 387 (6th Cir. 2022)). After the Court accepts the "answer's well-pleaded allegations as true and construe[s] the pleadings and exhibits in a light most favorable to the defendant, the motion may be granted only if the plaintiff is nevertheless clearly entitled to judgment." *Id.* (citing *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)).

When a party "fails to respond" to an opposing party's motion, a "district court may deem the [party] to have waived opposition to the motion." *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (quoting *Scott v. State of Tennessee*, 878 F.2d 382 (6th Cir. 1989)); *see*, E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

### B. ANALYSIS

#### 1. Slayer Statute

Stacy first asserts that Tennessee's slayer statute precludes Henley from recovering any benefits from the Policy because Henley killed the other beneficiary of the Policy, Quentin Stacy. (Doc. 1-1, at 4–5.)

Tennessee's slayer law prohibits an "individual who feloniously and intentionally kills the decedent . . ." from recovering "benefits with respect to the decedent's estate . . . ." Tenn. Code Ann. § 31-1-106(b). In Stacy's complaint, she asserts that Henley "is barred from recovering any of the benefits from [Johnson's Policy under Tennessee's slayer statute], and the

total of the [Policy's] proceeds should be paid to [Stacy] . . . ." (Doc. 1-1, at 5.) Henley's answer does not address this allegation (Doc. 13), and, therefore, it is admitted. Fed. R. Civ. P. 8(b)(6). Furthermore, by not opposing Stacy's motion for judgment on the pleadings, Henley waived any opposition. *See Humphrey*, 279 F. App'x at 331. Henley's admission that he is barred from the Policy's proceeds and failure to oppose Stacy's motion for judgment on the pleadings constitute sufficient grounds to grant Stacy's motion. Therefore, Stacy's motion for judgment on the pleadings (Doc. 14) is **GRANTED**.[2]

### 2. Enforcement of State Court Judgment

Stacy next argues that, if the slayer statute does not grant her the relief she seeks, she should be allowed to execute against any proceeds Henley is due under Johnson's Policy to satisfy the state-court judgment entered against Henley in connection with Quentin Stacy's wrongful death lawsuit. (*See* Doc. 1-1, at 5–6.) As the Court has determined Stacy is entitled to judgment on the pleadings based on the slayer statute, there is no need to decide if it will enforce the state court judgment.

### IV. CONCLUSION

For the foregoing reasons, Hartford's interpleader motion to deposit funds and for dismissal with prejudice (Doc. 10) is **GRANTED**. Hartford is hereby **ORDERED** to deposit the Policy's benefits at issue into the Court's registry and file a notice of deposit of funds. The Clerk is **DIRECTED** to accept the deposit of the Policy's proceeds at issue in the amount of

---

[2] "In our adversarial system, we follow the principle of party presentation, which means that we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *In Re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 143 F.4th 718, 725 (6th Cir. 2025). As a "neutral arbiter," a court goes beyond its limits when it "decides issues the parties never presented." *Id.* Although the Court might conceive of issues with Stacy's slayer statute argument, Henley has not raised any such arguments.

6
Case 4:25-cv-00006-TRM-CHS   Document 15   Filed 10/09/25   Page 6 of 7   PageID #: 139

$88,000.00 into the registry of the Court. Upon Hartford's filing of the notice of deposited funds, it will be **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that Amanda Stacy and Steven Brian Henley are **ENJOINED** from instituting any other action against Hartford concerning the subject matter of this lawsuit and the life insurance benefits at issue. Furthermore, Stacy's motion for judgment on the pleadings (Doc. 14) is **GRANTED.**

    **SO ORDERED.**

    /s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**